UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRASON LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>NATOMAS UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | No. 2:13-cv-00181 MCE-EFB<br><br>FINAL PRETRIAL ORDER<br><br>TRIAL DATE: April 25, 2016<br>TIME: 9:00 a.m. |

Pursuant to Court Order, a Final Pretrial Conference was held on December 4, 2016. Jay Jambeck appeared as counsel for Plaintiff. Keith Chidlaw appeared as counsel for Defendant. After hearing, the Court makes the following findings and orders:

I.     <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. section 1331. Jurisdiction and venue are not contested.

II.     <u>JURY</u>

Both parties timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

///

///

///

III.     UNDISPUTED FACTUAL ISSUES

1.      Plaintiff is the father of a former student ("Student") who attended Two Rivers Elementary School ("Two Rivers") in the Natomas Unified School District (hereinafter "Natomas").

2.      Student was eligible for Special Education under the category of Speech or Language Impairment.

3.      Student first began receiving Speech and Language services from Natomas in April, 2007.

4.      In March 2009, Natomas performed a Multidisciplinary Evaluation ("Assessment") to assess what programs and services Student would need, if any. The Assessment was performed by a school psychologist, a speech and language pathologist, and a severe disorder of language teacher. Based on the results of the Assessment, it was determined Student should continue to receive Speech and Language services from Natomas.

5.      Plaintiff disagreed with the conclusions stated in the Assessment.

6.      Student's March 22, 2010, Individualized Education Program ("IEP") called for sixty (60) sessions per school year at twenty-five (25) minutes each.

7.      Student attended kindergarten at Two Rivers during the 2009-2010 school year. Student's teacher was Barbara Nickless.

8.      Student attended 1st grade at Two Rivers during the 2010-2011 school year. Student's teacher was Shirley Finster.

9.      Student attended 2nd grade at Two Rivers during the 2011-2012 school year.

10.     Suzanne Johnstone was employed by Natomas as the Director of Special Education during the relevant times.

11.     Sean Green worked on a contract basis with Natomas as a Speech and Language Pathologist during the relevant times.

///

12. Leslie Sargent was employed by Natomas and served as the Principal at Two Rivers beginning October 18, 2010.

13. Bobbie Plough was the Superintendent of Natomas from July 2010 until June 2011.

14. On February 1, 2011, Superintendent Bobbie Plough, Director of Special Education Suzanne Johnstone, and Speech and Language Pathologist Sean Green, and individuals petitioned the Sacramento County Superior Court for Injunctions Prohibiting Harassment. The Petitions were denied on February 17, 2011.

15. Plaintiff withdrew his daughter from Natomas to attend a private school following the completion of 2nd grade in 2012.

16. Plaintiff's daughter is disabled under the definition utilized by the Rehabilitation Act.

IV. DISPUTED FACTUAL ISSUES

The remaining claims for trial are:

1. Natomas personnel provided Plaintiff with documentation indicating Student had been receiving speech therapy as delineated by her IEP. Natomas, through its attorney, scheduled a meeting between Plaintiff, his attorney, the Superintendent, and the Director of Special Education to discuss Plaintiff's personal conduct and to address Plaintiff's concerns regarding the provision of services. Plaintiff cancelled the meeting.

2. Whether or not Student was receiving therapy sessions through Natomas in compliance with her March 2010 IEP.

3. Whether or not Natomas retaliated against Plaintiff when three individuals attempted to obtain Injunctions Prohibiting Harassment against Plaintiff.

4. The reasons Suzanne Johnstone, Sean Green and Bobbie Plough filed Petitions for Injunction Prohibiting Harassment against Plaintiff.

5. The factual bases for the Petitions for Injunction Prohibiting Harassment.

6. Whether or not Plaintiff advocated on behalf of his daughter.

7. Whether or not Plaintiff suffered damages as a result of the retaliation.

8. Whether or not Natomas falsified records to show Student had received services when she had not. Plaintiff disagrees that this is a relevant issue.

9. Student's Speech and Language Pathologist scheduled speech sessions at a rate of approximately 2 times a week.

All issues of fact remaining in dispute are subject to proof at the time of trial.

## V. MOTIONS IN LIMINE

Plaintiff's Motion in Limine (ECF No. 43) is denied.

## VI. WITNESSES

Plaintiff anticipates calling the witnesses listed on Attachment "A".

Defendant anticipates calling the witnesses listed on Attachment "B".

Each party may call a witness designated by the other.

A. No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or

(2) The witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in "B" below.

B. Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witnesses;

(3) If time permitted, counsel proffered the witnesses for deposition;

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

VII.   EXHIBITS - SCHEDULES AND SUMMARIES

At present, Plaintiff contemplates by way of exhibits those listed on Attachment "C".

At present, Defendant contemplates by way of exhibits those listed on Attachment "D".

**Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.**  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiff and blue for Defendant.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

A.   No other exhibits will be permitted to be introduced unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or

(2)   The exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B", below.

B.   Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

5

        (1)    The exhibits could not reasonably have been discovered prior to pretrial;

        (2)    The Court and counsel were promptly informed of their existence;

        (3)    Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

    C.    As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) by **April 11, 2016**. The attorney or representative for each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office, no later than **3:00 p.m., April 11, 2016**, or at such earlier time as may be ordered by the Court. **NO EXCEPTIONS.**

    D.    **The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.**

VIII.    DISCOVERY DOCUMENTS

    A.    <u>Filing Depositions</u>. It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court. In addition, two unmarked copies of the transcripts must be delivered to the Court Clerk's Office. Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

    B.    <u>Use of Depositions</u>. The parties are ordered to file with the Court and exchange between themselves by **April 11, 2016** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

///

6

  C. <u>Interrogatories</u>.  The parties are ordered to file with the Court and exchange between themselves by **April 11, 2016** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

XI. <u>FURTHER DISCOVERY OR MOTIONS</u>

 Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference.  That Order is confirmed.  The parties are free to engage in informal agreements regarding discovery and law and motion matters.  However, any such agreements will not be enforceable in this Court.

X. <u>AGREED STATEMENTS - JOINT STATEMENT OF CASE</u>

 It is mandatory the parties shall file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial (**NO EXCEPTIONS**).  The joint statement of the case shall include in plain concise language the claims of Plaintiff and claims of other parties, if any, and the corresponding Defendant to the claims.  The purpose of the joint statement of the case is to inform the jury at the outset, what the case is about.  The statement must be filed with the Court by **April 11, 2016**.

XI. <u>PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM</u>

  A. <u>Jury instructions</u>

   Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions.  Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions.  Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable.  Attached for counsel's review are the opening and closing instructions for your use.  The joint set of instructions must be filed by **April 11, 2016** and shall be identified as the "Jury Instructions Without Objection."

 All instructions shall be, to the extent possible, concise, understandable, and free from argument.  See Local Rule 163(c).  Parties shall also note that any modifications of

instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.

### B. Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions by **April 11, 2016**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. See Local Rule 163(e).

### C. Voir Dire

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire, if desired. The voir dire questions shall be filed with the Court by **April 11, 2016**.

### D. Submission of Documents to the Court

At the time of filing their respective proposed jury instructions, verdict form(s), and voir dire questions, counsel shall also electronically mail to the Court in digital format and compatible with Microsoft Word, the proposed jury instructions and verdict form(s). **These documents should be sent to mceorders@caed.uscourts.gov.**

## XII. AUDIO/VISUAL EQUIPMENT

The parties are required to **file electronically** a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **April 4, 2016** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

## XIII. DATE AND LENGTH OF TRIAL

A trial is scheduled for **April 25, 2016** . The estimated length of trial is **seven (7) days.** The trial will consist of **eight (8) jurors.** Counsel are to email Stephanie Deutsch, Courtroom Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916) 930-4207, by **April 11, 2016** to ascertain the status of the trial date.

1 | The Court will permit each side up to one (1) hour for closing arguments. Plaintiff will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

XIV. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted five (5) court days from the date of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: January 11, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT